IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-385-BO-RN

| | | |
|---|---|---|
| MICHAEL P. SWEENEY; and JEFFREY GREER, | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) ) | |
| CGA CAPITAL MANAGEMENT LLC; and ALWYN NARTEY,[1] | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on plaintiffs' motion for default judgment [DE 10]. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

Plaintiffs Michael P. Sweeney and Jeffrey Greer initiated this action on September 23, 2022, alleging claims against defendants CGA Capital Management LLC ("CGA") and Alwyn Nartey arising out of promissory notes issued to plaintiffs by CGA and guaranteed by Nartey. On November 2, 2022, plaintiffs filed a motion for entry of default [DE 6] but failed to serve the motion on either defendant as required by Local Civil Rule 55.1. The clerk entered a text order directing plaintiffs to serve the motion on defendants and file a certificate of service. Plaintiffs subsequently filed the certificate of service [DE 8]

The clerk denied the motion for entry of default as to CGA for failure to effect proper service, but granted the motion as to Nartey [DE 9]. Plaintiffs then filed the motion for default judgment [DE 10] seeking default judgment solely as to Nartey as to their first and second claims in the complaint, for breach of contract and action on account stated. Specifically, plaintiffs seek entry of default judgment as to the balance owed on each promissory note, with

interest accruing at a rate of 5% per month from the issuance date of each note through the date of judgment. Plaintiffs took no other action as to their claims against CGA.

In an order filed July 12, 2023 [DE 11], the Court ordered plaintiffs to (1) show cause why their claims against CGA should not be dismissed without prejudice for failure to effect service; (2) file a supplemental memorandum addressing why their motion for default judgment is appropriate under Fed. R. Civ. P. 54(b) and *Frow v. De le* Vega, 82 U.S.C. (15 Wall.) 552 (1872), if plaintiffs contend that their claims against CGA should not be dismissed; (3) file an affidavit stating whether or not Nartey is in military service that complies with Section 3131(b) of the Servicemembers Civil Relief Act; and (4) file copies of the promissory notes at issue in this case. Plaintiffs responded by filing a notice of voluntary dismissal of their claims as against CGA [DE 12], an affidavit non-military service as to Nartey [DE 13] and copies of promissory notes [DE 14]. Each promissory note filed by plaintiffs provides that the note "shall earn a simple interest of 5 percent (5%) per month after the 3-month moratorium over the term of the notes." *See* Response to Order [DE 14].

The Court then issued an order setting a hearing on the motion [DE 15], directing Plaintiffs to be prepared to discuss, *inter alia*, how the terms of the promissory notes support their assertion that interest is due from the issuing date of the notes, as opposed to beginning to accrue after a 3-month moratorium. On March 5, 2025, the Court held the hearing on the motion on the motion, where plaintiffs were represented by Karli Guyther.

2

## DISCUSSION

Plaintiffs seek entry of default judgment under Federal Rule of Civil Procedure 55(b). After the entry of default, the well-pleaded factual allegations in plaintiffs' complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." *Id.* The Court concludes that the allegations support the relief sought.

Plaintiffs' first claim for relief is for breach of contract/default on the promissory notes issued by CGA and guaranteed by Nartey. "Under Delaware law, the elements of a breach of contract claim are (1) a contractual obligation; (2) a breach of that obligation by defendant; and (3) resulting damages to the plaintiffs." *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444, 450 (D. Del. 2011) (citing *WaveDivision Holdings, LLC v. Millenium Digital Media Systems, L.L.C.*, Civ. No. 2993-VCS, 2010 WL 3706624, at *13 (Dec. Ch. 2010)).[1] In this case, plaintiffs allege that CGA issued six promissory notes to plaintiffs, and the filed promissory notes show that Nartey guaranteed payment of the notes. Plaintiffs allege that CGA and Nartey failed to make payment on the notes, despite demands from the plaintiffs. The elements of breach of contract are satisfied.

Plaintiffs submitted a calculation of damages supported by their affidavits, including interest accruing from the date of issuance of the promissory notes [DE 10-2; DE 10-3]. As plaintiffs' counsel conceded at the hearing, however, plaintiffs are not owed interest from the issuance date of the promissory notes. Rather, under the terms of the notes, interest accrues at a

---

[1] The promissory notes submitted by plaintiffs expressly state that they are governed by the laws of the State of Delaware.

3

rate of 5% per month after a 3-month moratorium from the issuance date. Accordingly, plaintiffs' damages may be calculated as follows:

**Promissory Notes Issued to Jeffrey Greer**

| Issuance Date | Date Interest Began to Accrue | Principal | Accrued Interest Per Diem | Interest Days | Interest Accrued | Total Principal and Interest |
|---|---|---|---|---|---|---|
| 4/15/2018 | 7/15/2018 | $20,000.00 | $32.88 | 2062 | $67,798.56 | $87,798.56 |
| 10/13/2018 | 1/13/2019 | $30,000.00 | $49.32 | 1880 | $92,721.60 | $122,721.60 |
| 1/17/2019 | 4/17/2019 | $30,000.00 | $49.32 | 1786 | $88,085.52 | $118,085.52 |

**Promissory Notes Issued to Michael P. Sweeney**

| Issuance Date | Date Interest Began to Accrue | Principal | Accrued Interest Per Diem | Interest Days | Interest Accrued | Total Principal and Interest |
|---|---|---|---|---|---|---|
| 4/16/2018 | 7/16/2018 | $20,000.00 | $32.88 | 2061 | $67,765.68 | $87,765.68 |
| 4/30/2019 | 7/30/2019 | $20,000.00 | $32.88 | 1682 | $55,304.16 | $75,304.16 |
| 12/19/2019 | 3/19/2020 | $30,000.00 | $49.32 | 1449 | $71,464.68 | $101,464.68 |

Accordingly, plaintiffs' motion for default judgment [DE 10] is GRANTED. Plaintiff Jeffrey Greer shall have and recover from defendant Alwyn Nartey the sum of $328,605.70, with interest at the legal rate from the date of entry of judgment until paid. Plaintiff Michael Sweeney shall have and recover from defendant Alwyn Nartey the sum of $264,534.50, with interest at the legal rate from the date of entry of judgment until paid.

CONCLUSION

Plaintiffs' motion for default judgment [DE 10] is GRANTED. The clerk is DIRECTED to enter judgment against Alwyn Nartey and in favor of plaintiffs as follows:

(1) Plaintiff Jeffrey Greer shall have and recover from defendant Alwyn Nartey the sum of $328,605.70, with interest at the rate of 5% per annum from the date of judgment until paid.

4

(2) Plaintiff Michael Sweeney shall have and recover from defendant Alwyn Nartey the sum of $264,534.50, with interest at the rate of 5% per annum from the date of judgment until paid.

SO ORDERED. This the __7__ day of March, 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

---

[1] Plaintiffs' complaint names "Alwyn Narty" as defendant. Plaintiffs' later filings and submitted promissory notes refer to "Alwyn Nartey." The clerk is DIRECTED to correct the caption to reflect the correct spelling of defendant Nartey's last name.